**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHNNY LEE NICHOLS                                                PETITIONER
ADC #115100

V.                                NO. 5:13CV00357 KGB/JTR

RAY HOBBS, Director,                                             RESPONDENT
Arkansas Department of Correction

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District

Judge Kristine G. Baker. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection. If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection. An original and one copy of

your objections must be received in the office of the United States District Clerk no

later than fourteen (14) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may

result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Johnny Lee Nichols, an inmate in the Arkansas Department of Correction ("ADC"). *Doc. 2.* Respondent has filed a Response, *Doc. 11*, and Petitioner has filed two Replies, *Docs. 13 & 15*. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the procedural history of the case.

On June 23, 2011, Petitioner entered a guilty plea, in Benton County Circuit Court, to: (1) possession of drug paraphernalia with intent to manufacture; (2) second-degree forgery; (3) third-degree domestic battery; and (4) third-degree terroristic threatening. He was sentenced to an aggregate term of 120 months of imprisonment, followed by an additional ten-year suspended imposition of sentence. *Doc. 3, at 19-28.*

On November 2, 2011, Petitioner filed a *pro se* "Petition to Correct a Sentence Imposed in an Illegal Manner Pursuant to Ark. Code Ann. § 16-90-111" in Benton County Circuit Court. *Doc. 11-1.* He alleged: (1) he was denied access to the courts and a law library for two months after his conviction; and (2) his trial counsel was ineffective and failed to advise him about his eligibility for parole.

On April 26, 2012, while his state post-conviction petition was pending in the state trial court, Petitioner initiated a § 2254 habeas action in this Court. He argued essentially the same ineffective assistance of counsel claim raised in his state post-conviction petition: his lawyer "tricked" him into accepting a plea agreement without informing him when he would be eligible for parole. *Nichols v. Hobbs*, No. 5:12cv00152-KGB-JTR, *docs. 1, 7, 9, 10, 11, 12, 14 (Nichols I).*

On December 13, 2012, the Benton County Circuit Court construed Petitioner's papers seeking to correct his sentence as a Rule 37 Petition. After finding it to be untimely, the Court dismissed the Petition. *Doc. 3, at 43-44. See Ussery v. State*, 2014 Ark. 186, *2 (regardless of the label placed on a post-conviction filing by a prisoner, petitions raising claims cognizable under Rule 37 are subject to the time limitations contained in that rule; time limitations are jurisdictional in nature); Ark. R. Crim. P. 37.2(c)(i) (2013) (where conviction was obtained on a plea of guilty, post-conviction petition must be filed within ninety days of entry of judgment).

On January 3, 2013, Petitioner filed a timely notice of appeal of the trial court's denial of his Rule 37 Petition. *Doc. 3, at 46*.

On January 7, 2013, this Court recommended that Petitioner's § 2254 habeas action be dismissed because he had failed to exhaust his state post-conviction remedies. *Nichols I*, *doc. 46*. On April 1, 2013, the Court adopted that recommendation and dismissed the § 2254 action without prejudice. *Id.*, *doc. 54*.

On April 4, 2013, the Arkansas Supreme Court received the record in Petitioner's state post-conviction appeal. The Clerk declined to lodge the record because it was tendered one day late. *Doc. 3, at 80. See* Ark. R. App. P.-Crim. 4(b) (defendant must file the record on appeal with the clerk of the appellate court within ninety days from the filing of the notice of appeal).

Petitioner then filed a motion for belated appeal in the Arkansas Supreme Court. *Doc. 3, at 75-77*. On May 23, 2013, the Arkansas Supreme Court entered a "Formal Order" summarily denying the motion for belated appeal. *Doc. 3, at 78*.

On November 19, 2013, Petitioner initiated this *pro se* § 2254 habeas action. In his Petition and Memorandum of Law in Support, he argues:

(1)   His guilty plea was not made voluntarily and with an understanding of the specific consequences of the plea.[1] *Docs. 2, at 4; 3, at 14-16*.

(2)   He was denied effective assistance of counsel. *Docs. 2, at 5; 3, at 11-14*.

(3)   His commitment order was "defaced." *Docs. 2, at 5; 3, at 3, 15*.

(4)   By refusing to honor his plea agreement, the State of Arkansas has violated "Contract Law under the Uniform Commercial Code and Constitution." *Docs. 2, at 5; 3, at 3-8*.

(5)   He was denied access to the courts and a law library for several months following his conviction. *Docs. 2, at 6; 3, at 8-10*.

(6)   The "Executive Branch of Arkansas Government over stepp[ed] their jurisdiction" by "chang[ing] the agreement that was made in court." *Docs. 2, at 6; 3, at 14-15*.

(7)   The ADC's conduct "could be" construed as "possible conspiracy

---

[1]According to Petitioner, as he understood his plea agreement, he "was supposed to do a 1/2 of a 1/2 on 10 years, minus 446 days of jail time credit," which would equal one year and three months. He alleges that the ADC refuses to "honor the agreement made in court" and is, instead: (1) requiring him to serve fifty percent of his ten-year sentence before becoming eligible for parole; and (2) crediting the jail time against his "sentence as a whole," rather than "the time he would do in prison." *Doc. 3, at 3, 14-16*.

of racketeering." *Docs. 2, at 6; 3, at 16.*

Respondent argues that: (1) all of Petitioner's claims are barred by the one-year statute of limitations applicable to federal habeas petitions; (2) some of Petitioner's claims are not cognizable in a § 2254 habeas action; and (3) all of Petitioner's claims are procedurally barred due to his failure to properly raise them in state court. For the reasons discussed below, the Court recommends that the Petition be denied as untimely.[2]

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Petitioner's Judgment and Commitment Order was filed with the Benton County Circuit Court on June 28, 2011.[3] *Doc. 3, at 19.* Because he entered an

---

[2]Accordingly, the Court need not address Respondent's other arguments for dismissal.

[3]*See Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk); Ark. Sup. Ct. Admin. Order No. 2(b)(2) (judgment, decree or order is entered when stamped or otherwise marked with the date and time and the word "filed").

unconditional guilty plea, Petitioner waived his right to appeal under Arkansas law. *See* Ark. R. App. P.-Crim 1(a). Thus, for purposes of § 2244(d)(1)(A), his conviction was "final" on June 28, 2011. From that date, Petitioner had one year, until June 28, 2012, to file this federal habeas action.

Petitioner initiated this action on November 19, 2013, almost seventeen months *after* the expiration of the one-year statute of limitations.[4]

The federal limitations period is tolled while a "*properly filed*" application for post-conviction relief is pending in state court.[5] 28 U.S.C. § 2244(d)(2). When the state courts determine a post-conviction petition is untimely under the applicable state provisions, "that [is] the end of the matter" for purposes of determining whether it was "properly filed" under § 2244(d)(2). *Allen v. Siebert*, 552 U.S. 3, 5-7 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).

---

[4]Although the Clerk of Court received and file-stamped Petitioner's § 2254 Petition on November 21, 2013, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if "deposited in the institution's internal mailing system on or before the last day for filing"). The Court has assumed that Petitioner placed his Petition in the prison mailing system on November 19, 2013, the day he signed his Petition. *Doc. 2, at 8*.

[5]A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Here, on December 13, 2012, the state trial court unequivocally held that Petitioner's Rule 37 Petition was untimely under state law.[6] Accordingly, the one-year federal habeas statute of limitations began to run on June 28, 2011, and was *not* tolled during the pendency of any of Petitioner's state post-conviction proceedings in the trial and appellate court.[7]

While Petitioner filed his initial § 2254 action in this Court on April 26, 2012, the United States Supreme Court has made it clear that the one-year limitations period is *not* tolled during the pendency of a § 2254 federal habeas proceeding. *Duncan v. Walker*, 533 U.S. 167, 181 (2001) (federal habeas petition "is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)"). Applying *Duncan*, the limitations period continued to run while Petitioner's first habeas petition was pending in this Court.

Because § 2244(d) is a statute of limitations, not a jurisdictional bar, a petitioner may be entitled to equitable tolling if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and

---

[6]Petitioner appealed the trial court's denial of his Rule 37 Petition to the Arkansas Supreme Court. However, because he tendered the record one day late, the Clerk refused to accept it. On May 23, 2013, the Arkansas Supreme Court denied Petitioner's motion to file a belated appeal. *Doc. 3, at 78*. Thus, the trial court's decision is now final.

[7]Petitioner's motion for belated appeal also had no tolling effect because it was filed *after* the statute of limitations had already run. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitations for filing a federal habeas action "cannot be tolled after it expires").

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

To excuse his untimeliness, Petitioner asserts that he did not know he had been misinformed about his parole eligibility until August 18, 2011, when he arrived at the ADC. He contends that he then had to wait another month, until he was transferred to his "parent unit," before the ADC allowed him to request any materials from the law library, giving him only a few days to prepare and file a state post-conviction petition before the Rule 37 deadline. He also points to the difficulties he encountered in attempting to lodge the record in his state post-conviction appeal.

The difficulties Petitioner contends he experienced in his state post-conviction proceedings simply do not provide a basis for arguing that he acted diligently in initiating this federal habeas action. If the Court accepts his assertion that, on August 18, 2011, he first learned that the ADC's calculation of his parole eligibility differed from his understanding of the plea agreement, he would only be entitled to two months of tolling. This would have *no effect* on the timeliness calculation because his § 2254 petition was filed *seventeen* months after expiration of the limitations period.

In addition, after the Arkansas Supreme Court denied his motion for belated appeal on May 23, 2013, Petitioner *waited six months* before initiating this federal habeas action. This simply does *not* show diligence. *See Pace*, 544 U.S. at 419 (petitioner failed to pursue his rights diligently where he waited years before filing a

state post-conviction petition, then waited five more months after his post-conviction proceedings became final before seeking federal habeas relief); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (no diligence where petitioner did not file his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (no equitable tolling where petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final).

Finally, there do not appear to be any "extraordinary circumstances" that prevented Petitioner from timely filing this federal habeas action, as required by *Holland*. The Eighth Circuit has held repeatedly that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

Accordingly, all of Petitioner's habeas claims are time-barred.

## III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 2*, be DENIED and this case be DISMISSED, WITH

PREJUDICE.  All pending motions[8] should be denied as moot.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED THIS 17th DAY OF September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8]Petitioner has filed three motions/requests: (1) "Motion for Case Review/Status," *Doc. 18*; (2) "Request for Proof of Claim as to the Status of Monetary Conditions," *Doc. 21*; and (3) "Request for Admissions/Motion Requiring Respondent to Admit or Deny Documents," *Doc. 24*.