IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNNY LEE NICHOLS                                                                                      PETITIONER
ADC #115100

v.                                  Case No. 5:13-cv-00357-KGB-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                                        RESPONDENT

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 26), as well as the objections filed by petitioner Johnny Lee Nichols (Dkt. No. 27). The Court also has reviewed respondent Ray Hobbs's response to petitioner's objections to Magistrate Judge's Proposed Findings and Recommended Disposition (Dkt. No. 28). After carefully considering these documents and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects. Judgment will be entered accordingly.

The Court writes separately to address Mr. Nichols's objections. First, Mr. Nichols cites *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), for the propositions that he should have been appointed counsel in postconviction proceedings and that this Court should not dismiss his petition as untimely. However, *Martinez* stands for neither of those propositions, as it merely states that a procedural default may be excused under certain circumstances. 132 S. Ct. at 1318. There is nothing in *Martinez* indicating that the Supreme Court meant the statute of limitations in the Antiterrorism and Effective Death Penalty Act ("ADEPA"), under which Mr. Nichols's

---

[1] Wendy Kelley became Director of the Arkansas Department of Correction on January 13, 2015, and is automatically substituted as respondent pursuant to Federal Rule of Civil Procedure 25(d).

current habeas petition is untimely, to be affected. *See* 28 U.S.C. § 2244(d)(1)(A). Whether a claim is procedurally defaulted is a completely distinct question from whether it is barred by the statute of limitations.

Second, Mr. Nichols contends he experienced difficulties in his state postconviction proceedings that caused his filings in those proceeding to be improperly filed through no fault of his own. The Court agrees with Judge Ray that these difficulties do not show that he acted diligently in initiating this federal habeas action, which again is a completely distinct question.

Third, Mr. Nichols argues that the Uniform Commercial Code applies to this plea agreement and trumps the AEDPA's statute of limitations. This action, filed under 28 U.S.C. § 2254, is governed by the AEDPA's statute of limitations.

It is therefore ordered that this petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied (Dkt. No. 2), and this case is dismissed with prejudice. All pending motions are denied as moot (Dkt. Nos. 18, 21, 24, 30, 32). A certificate of appealability is denied pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

SO ORDERED this the 22nd day of April, 2015.

*Kristine G. Baker*
_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE